SARAH J. MOODY *v.* R. H. MOODY ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—472.]

**Dower in Husband's Real Estate.**

A woman is not entitled to dower in real estate conveyed by the husband in good faith before her marriage to him.

APPEAL FROM TODD CIRCUIT COURT.

December 13, 1881.

OPINION BY JUDGE HINES:

The weight of the evidence in this case appears clearly to be in favor of the judgment of the court below. We have read it with great care, and as it is voluminous will content ourselves with stating simply the conclusions arrived at.

Appellant is not entitled to dower in the 80 acres of land conveyed by her husband prior to the marriage, for two reasons: First, the evidence shows that she knew of the conveyance, which appears to have been made for a valuable consideration, prior to her marriage, and was not therefore a fraud upon her marital rights; second, the terms of sale to the heirs were sufficiently comprehensive to embrace any dower claim she may have had in the 80 acres. The power of attorney under which the contract of sale was completed did not need to be acknowledged by appellant in order to make it binding, and as its terms are sufficiently broad to embrace every character of interest appellant may have had in the

estate, and as it appears to have been fully executed and well under-stood, and the contract was ratified by acquiescence and the receipt of benefits under it, there appears no reason why the judgment of the court should be disturbed. Appellant does not present herself in the record in such a manner as to entitle her to anything like a favorable consideration in a court of equity. The evidence clearly manifests that this litigation grows entirely out of an at-tempt on her part to avoid the payment of a debt justly due to appellee, Jackson.

She is not entitled to the amount of the note as against Jack-son's claim upon the ground that it represents the proceeds of exempt property, first, because there is nothing to show that the personal property that would have been set aside to her could have been claimed by her as exempt from the payment of her own debts, and, second, there is nothing to indicate what amount embraced in the note is the proceeds of personal property that she could have claimed as exempt to her as a housekeeper, nor what proportion of the amount was the proceeds of the real estate.

Judgment *affirmed.*

*Ben T. Perkins, Jr., for appellant.*

*W. L. Reeves, for appellees.*